UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP RABIN,

                Plaintiff,

– against –

PARCHEM TRADING, INC., PROFIT SHARING PLAN and PATRICIA TURCAN as Administrator

                Defendants.

**COMPLAINT**

13 CV 9201

Plaintiff, Philip Rabin, by his attorneys, McCarthy Fingar, LLP, as and for his Complaint, alleges the following:

### JURISDICTION AND VENUE

1.    This action arises under the laws of the United States, specifically Section 502(a) of ERISA. Pursuant to Section 502(e) of ERISA subject matter, jurisdiction is conferred on this Court.

2.    Venue is proper within this District pursuant to 28 U.S.C. § 1391, because the defendants regularly conduct business with the Southern District of New York and a substantial part of the events or omissions giving rise to the claim occurred in the Southern District. Venue is also conferred on this Court pursuant to Section 502(e) (2) of ERISA.

### PARTIES

3.    Plaintiff, Philip Rabin, a participant and a plan beneficiary as defined under ERISA and a citizen and resident of the State of New York residing in New York County.

4. Defendant, Parchem Trading, Inc., Profit Sharing Plan (the "Plan") is a defined contribution plan established on or about September 1, 2007 with a place of business at 415 Huguenot Street, New Rochelle, New York 1080. See Summary Plan attached as Exhibit A.

5. Upon information and belief, defendant, Patricia Turcan is the current Plan trustee and/or administrator.

## FACTS ON WHIH CAUSES OF ACTION ARISE

6. Since 2007 and at least until July 2011, plaintiff was an officer and employee of Parchem Trading, Inc., eligible to be and, in fact, a participant in the Plan.

7. As of July 2011 plaintiff had cash contributions to his account in excess of $400,000.

8. Also contributed on behalf of plaintiff to the Plan were amounts for his account and used to purchase insurance on plaintiff's life.

9. As of September, premiums due on that insurance policy were no longer paid by the Plan, which took the position then that because plaintiff was no longer an employee of Parchem, contributions to pay the life insurance premiums could not be made to the Plan on his behalf.

10. As of September 2013 the life insurance had a cash value of approximately $70,000.

11. The plan in or around that time requested that plaintiff execute documents that it represented were both necessary for the surrender of the policy and that the cash surrender value would be due to plaintiff.

12. After surrendering the policy and receiving the cash surrender value of the policy on plaintiff's life, the Plan has failed and refused to pay that cash surrender value to plaintiff.

## FIRST CLAIM FOR RELIEF
(Declaratory judgment – plaintiff is entitled to the cash surrender value of policy).

13. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "12" as if set forth in full herein.

14. Pursuant to Section 502(a) (3) (B) of ERISA, plaintiff is entitled to a declaratory judgment that as a participant in the defined contribution plan, plaintiff is entitled to the cash value of the insurance policy on his life.

## SECOND CLAIM FOR RELIEF
(Injunctive Relief)

15. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "14" as if fully set forth in full herein.

16. Plaintiff has an actionable claim to the assets now held by the Plain for an account other than for plaintiff into which, upon information and belief, the Plan deposited the proceeds of the insurance policy's surrender.

17. In accordance with Section 502 of ERISA, 29 U.S.C. §1132 (3) the Cur may, inter alia, enjoin any act or practice which violates the term of a plan o direct other appropriate relief to enforce the terms of the plan.

18. Plaintiff does not have an adequate remedy at law which will allow him to receive the assets in the matter set forth under ERISA.

19. The plaintiff seeks an injunction preventing the Plan from distributing the assets in violation of ERISA to any person other than plaintiff.

20. Pursuant to ERISA, plaintiff is entitled to injunctive relief preventing the Plan from distributing the assets contributed to the Plan, on his behalf, to anyone other than plaintiff.

### THIRD CLAIM FOR RELIEF

21. Plaintiff repeats and realleges each and every allegation set forth in paragraph "1" through "20" as if fully set forth herein.

22. By reason of defendants' conduct, including the conduct of its representatives, defendants are estopped from claiming the cash surrender value of the insurance policy on plaintiff's life and is due to be paid over to plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that judgment be granted:

a. On the FIRST Cause of Action a declaratory judgment declaring that plaintiff, Philip Rabin is entitled to the assets held in the Plan derived by the surrender of the insurance policy on plaintiff's life, and/or a money judgment in an amount to be established at trial, but believed to be in excess of $70,000.00.

b. On the SECOND Cause of Action an injunction restraining defendants from distributing the assets so derived to anyone other than Philip Rabin.

c. On the THIRD cause of action, judgment in an amount to be established at trial, but believed to be in excess of $70,000.00.

d. On the FIRST and SECOND Causes of Action, attorneys' fees and costs pursuant to ERISA Section 502 (g) (2) (D), 29 U.S.C. §1132 (g) (1) and for such other legal or equitable relief as this Court deems appropriate.

### JURY DEMAND

Plaintiff demands a trial by jury of all claims so triable.

Dated: White Plains, New York
      December 30, 2013

                          McCARTHY FINGAR, LLP

By: _____
      Phillip C. Landrigan
      *Attorneys for the Plaintiff*
      11 Martine Avenue, 12th Floor
      White Plains, New York 10606
      (914) 946-3700